UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AGUSTIN MARTINEZ-VILLA, | ) |
| | ) CASE NO. C10-1215-TSZ |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Agustin Martinez-Villa ("petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 which challenges the United States Immigration and Customs Enforcement's ("ICE") decision to deny him bond under the mandatory detention provisions of the Immigration and Nationality Act ("INA") § 236(c), 8 U.S.C. § 1226(c). (Dkt. 6.)   Petitioner claims that his continued detention without a bond hearing violates his due process rights.  *Id*. at 1.  He seeks "to be released on supervised release . . . or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner."  *Id*. at 2.  Respondent has filed a motion to dismiss, arguing

REPORT AND RECOMMENDATION
PAGE - 1

that petitioner's continued detention is mandated by INA § 236(c) pending completion of removal proceedings. (Dkt. 11.) The Court finds no constitutional violation associated with his detention. Accordingly, the Court recommends that his habeas petition be DISMISSED with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on July 19, 2000. (Dkt. 15 at R328, R373, L89, L105.) On September 29, 2009, he was convicted in the Superior Court of California, County of San Diego, for the offense of Possession for Sale of a Controlled Substance, to wit: Methamphetamine, in violation of Section 11378 of the Health and Safety Code of California, and was sentenced to 240 days confinement and probation. (Dkt. 15 at R98-100.)

On January 25, 2010, petitioner was transferred from the San Diego Central Jail to ICE custody pursuant to an immigration detainer. (Dkt. 15 at R48.) ICE made an initial custody determination to detain petitioner in the custody of the Department of Homeland Security ("DHS") without bond. (Dkt. 15 at R46-48, L7-8.)

Petitioner was served with a Notice to Appear, charging him as subject to removal from the United States under INA § 237(a)(2)(B)(i), for having been convicted of a law relating to a controlled substance as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802. (Dkt. 15 at L103-105.) On July 6, 2010, an Immigration Judge ("IJ") denied petitioner's application for asylum and withholding of removal, and ordered him removed to Mexico on the charge contained in the Notice to Appear. (Dkt. 15 at L81-89.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the matter remains pending.

### III.   DISCUSSION

Section 236(c) of the INA provides that "[t]he Attorney General *shall take into custody any alien who*" is deportable from the United States because he has been convicted of certain crimes specified in the provision. INA § 236(c)(1)(B)(emphasis added). Specifically, INA § 236(c) states, in part, as follows:

> (c) Detention of criminal aliens
>
> (1) Custody
> The Attorney General shall take into custody any alien who –
> . . .
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> . . .
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c). Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) during removal proceedings are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court found that the mandatory detention of an alien under INA § 236(c) was a constitutionally permissible part of the removal process. *Id*. at 531. In reaching that conclusion, the Supreme Court emphasized that under INA § 236(c), "not only does detention have a definite termination point, in the majority of cases it lasts for less than 90 days . . . ." *Id*. at 529. The Supreme Court held that "Congress, justifiably concerned that deportable criminal

aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Id.* at 513.

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of a crime relating to a controlled substance under INA § 237(a)(2)(B)(i). Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory. Petitioner argues that he is entitled to a bond hearing under the Ninth Circuit's decisions in *Casas-Castrillon*, 535 F.3d at 942; and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). (Dkt. 6 at 3-4). However, the authorities cited by petitioner do not apply to the facts of his case.

In *Prieto-Romero* and *Casas-Castrillon*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge regardless of whether they were detained under INA § 236(a)(discretionary detention) or INA § 236(c)(mandatory detention) during removal proceedings. *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero*, 534 F.3d at 1053. Both of the aliens in *Prieto-Romero* and *Casas-Castrillon* were detained pending Ninth Circuit review of their administratively final orders of removal. *Id.* Here, however, unlike *Prieto-Romero* and *Casas-Castrillon*, petitioner's detention is governed by INA § 236(c), which applies to an alien whose removal is sought but not yet determined. Once the removal decision is final, his detention during the removal period will be governed by INA § 241, 8 U.S.C. § 1231. *See* INA § 241(a)(1)(B); *see also* INA § 101(47)(B). Accordingly, petitioner is not entitled to a bond hearing or release from mandatory detention.

REPORT AND RECOMMENDATION
PAGE - 4

Petitioner also argues that his detention is indefinite in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkt. 6 at 4). Respondent argues that the indefinite detention analysis does not apply under these circumstances. (Dkt. 11 at 3-4). The Court agrees with respondent.

In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id*. at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id*. at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Here, however, the *Zadvydas* rule is inapplicable for two reasons. First, petitioner's removal period has not begun because he is still in removal proceedings. *See* INA § 241(a)(1)(B). Second, petitioner's detention is not indefinite because he "remains capable of being removed, even if it has not yet finally been determined that he should be removed." *Prieto-Romero*, 534 F.3d at 1065. Once petitioner's removal proceedings have been completed, ICE will remove petitioner to Mexico or release him. Thus, "he is not stuck in a

REPORT AND RECOMMENDATION
PAGE - 5

'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *Id.* at 1063. Accordingly, a *Zadvydas*-like release from detention is inapplicable to petitioner's circumstances.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

DATED this 29th day of October, 2010.

Mary Alice Theiler
United States Magistrate Judge